## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| TRUSTEES OF CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND, CHICAGO REGIONAL COUNCIL OF CARPENTERS WELFARE FUND, CHICAGO REGIONAL COUNCIL OF CARPENTERS SUPPLEMENTAL RETIREMENT FUND, and the CHICAGO REGIONAL COUNCIL OF CARPENTERS APPRENTICE & TRAINNE PROGRAM FUND FUND, | ) ) ) ) ) ) ) ) ) ) |
| Plaintiffs, | ) |
| vs. | ) ) ) |
| CHICAGO TOWN CONSTRUCTION, INC., | ) ) |
| Defendant. | ) |

Case No.

Judge

## **COMPLAINT**

Now come the Plaintiffs, the Trustees of the Chicago Regional Council of Carpenters Pension Fund, et al., by their attorney, Nicholas E. Kasmer of McGann, Ketterman, & Rioux complaining of the Defendant, CHICAGO TOWN CONSTRUCTION, INC., and allege as follows:

1. This action arises under Section 502 of the Employee Retirement Income Security Act and Section 301 of the Taft-Hartley Act. (29 U.S.C. §§1132 and 185). Jurisdiction is founded on the existence of questions arising thereunder.

2. The Chicago Regional Council of Carpenters Pension Fund, the Chicago Regional Council of Carpenters Welfare Fund, Chicago Regional Council of Carpenters Supplemental Retirement Funds, and the Chicago Regional Council of Carpenters Apprentice Training Fund ("Trust Funds") receive contributions from numerous employers pursuant to Collective Bargaining Agreements between the employers and the Chicago Regional Council of Carpenters, ("Union"), and therefore, are multiemployer plans. (29 U.S.C. §1002). The Trust Funds are administered at 12 East Erie, Chicago, Illinois and venue is proper in the Northern District of Illinois.

3. CHICAGO TOWN CONSTRUCTION, INC., is an employer engaged in an industry affecting commerce entered into a Collective Bargaining Agreement whose terms require itself to pay fringe benefits to the Trust Funds.

4. The Collective Bargaining Agreement also binds CHICAGO TOWN CONSTRUCTION, INC., to the provisions of the Agreement and Declarations of Trust that created the Trust Funds ("Trust Agreements").

5. CHICAGO TOWN CONSTRUCTION, INC., is required to make contributions to the Trust Funds for each hour worked by its carpenter employees at the rate and in the manner specified in the Collective Bargaining Agreements and Trust Agreements. In addition, CHICAGO TOWN CONSTRUCTION, INC., is required to make contributions to the Trust Funds measured by the hours worked by

subcontractors that are not signatory to a Collective Bargaining Agreement with the Union.

6. Pursuant to the provisions of the Trust Agreements and the Collective Bargaining Agreements, CHICAGO TOWN CONSTRUCTION, INC., is required to provide access to the records necessary for the Trust Funds to determine whether there has been compliance with the obligation to contribute to the Trust Funds.

7. An audit was conducted and CHICAGO TOWN CONSTRUCTION, INC., breached the provisions of the Collective Bargaining Agreement by underpaying contributions that are owed to the Trust Funds based upon hours worked by employees and/or measured by the hours worked by subcontractors. The Defendant still owes damages related to that audit.

8. CHICAGO TOWN CONSTRUCTION, INC., must also submit monthly reports listing the hours worked by its carpenter employees ("Contribution Reports") and to make concurrent payment of contributions to the Trust Funds based upon the hours worked by its carpenter employees.

9. CHICAGO TOWN CONSTRUCTION, INC., breached the provisions of the Collective Bargaining Agreement and Trust Agreements by failing to submit Contribution Reports and corresponding contributions to the Trust Funds for the months of March 2019 through the present.

10. CHICAGO TOWN CONSTRUCTION, INC., breached the provisions of the Collective Bargaining Agreement and the Trust Agreements by failing to submit liquidated damages on previously untimely paid contributions.

11. Plaintiffs have complied with all conditions precedent in bringing this suit.

12. Plaintiffs have been required to employ the undersigned attorneys to compel payment of the amounts owed and obtain the missing contributions reports.

13. CHICAGO TOWN CONSTRUCTION, INC., is obligated to pay the attorney and auditor fees and court costs incurred by the Plaintiffs pursuant to the Collective Bargaining Agreements, the Trust Agreements and/or 29 U.S.C. §1132(g)(2)(D).

14. According to the Collective Bargaining Agreement, the Trust Agreements and/or 29 U.S.C. §1132(g), CHICAGO TOWN CONSTRUCTION, INC., is obligated to liquidated damages and interest on the amounts of the audit and liquidated damages on the amounts of delinquent contributions.

15. Pursuant to 29 U.S.C. §1132(g)(2), Plaintiffs are entitled to an amount equal to the greater of:

(a) double interest; or

(b) interest plus liquidated damages.

WHEREFORE, Plaintiffs pray:

A. That the Defendant, CHICAGO TOWN CONSTRUCTION, INC., be ordered to submit Contribution Reports and pay contributions and dues for the months of March 2019 through the present.

B. That the Plaintiffs be allowed to submit as estimate of the amount of contributions due should the Defendant fail to submit the reporting forms.

C. That Defendant, CHICAGO TOWN CONSTRUCTION, INC., be ordered to pay the attorney and auditor fees and costs incurred by the Plaintiffs.

D. That Defendant, CHICAGO TOWN CONSTRUCTION, INC., be ordered to pay liquidated damages and interest.

E. That Plaintiffs have such other and further relief as by the Court may be deemed just and equitable all at the Defendant's cost.

>Respectfully Submitted,
>TRUSTEES OF THE CHICAGO REGIONAL
>COUNCIL PENSION FUND et al.
>
>s/Nicholas E. Kasmer
>By: _____
>Nicholas E. Kasmer

Nicholas E. Kasmer
Attorney for Plaintiffs
McGann, Ketterman, & Rioux
111 East Wacker Drive, Suite 2600
Chicago, Illinois 60601